PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PEDRO F. GOTAY ET AL., Defendants and Appellants.

No. 3181. Argued January 13, 1928.—Decided April 19, 1928.

*Dubón & Ochoteco, Juan B. Soto* and *M. Pesquera* for the appellants. *José E. Figueras* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The pertinent part of the complaint reads as follows:

"That on or about the first part of the month of April, 1924, and before this complaint was filed the defendants Pedro F. Gotay, Eugenio Pérez Ríos and Ernesto Jiménez, in Comerío, P. R., which is a part of the municipal judicial district of Bayamón, P. R., did unlawfully, wilfully and maliciously, acting jointly and by common agreement, enter into a conspiracy and combination by which Pedro F. Gotay and Eugenio Pérez Ríos were to sell, and did sell, to Ernesto Jiménez, who was to be the purchaser, and did purchase, for the sum of eighty dollars the official examination questions prepared by the Department of Education of Porto Rico, knowing that the said set of questions had been unduly and unlawfully obtained by Pedro F. Gotay and Eugenio Pérez Ríos from persons whose identity is unknown, which questions corresponded to the six subjects of History, Geography, Physiology, Nature, Civil Government and Arithmetic of the examinations that were held for graded teachers by the said Department of Education in Comerío, P. R., on the 14th and 15th of April, 1924, which questions were of a secret nature and could not be given to applicants for examination until examination day. This was done with the understanding that the said Jiménez should furnish, as he did furnish, those questions to Juana Jovita Rodríguez and Georgina del Valle, knowing that they were candidates for licenses as graded teachers admitted to the examination and who used the said set of questions in preparing themselves beforehand for the said examination and so obtained in an unlawful, corrupt and malicious manner the licenses as such graded teachers in the Island of Porto Rico, which acts are prejudicial to public morals and disposed to pervert or obstruct the due administration of the laws, thus giving to persons unqualified the means of obtaining licenses to act as graded teachers in the public schools of Porto Rico."

After trial the three defendants were found guilty and each of them was sentenced to thirty days in jail.

They appealed to this court. Gotay and Pérez filed a brief represented by attorneys Dubón & Ochoteco and attorney Juan B. Soto filed a brief for Jiménez.

We should refer first to the brief filed by Gotay and Pérez, in which four errors are assigned.

It is contended that the court erred in overruling a motion to dismiss filed by the defendants on the ground that more than 60 days had elapsed between the date on which they were arrested and gave bail and the date on which the complaint was filed.

In relation to the motion to dismiss the record shows only the following:

"The three defendants, by their attorneys, filed a motion to dismiss, alleging that 60 days had elapsed between the date of their arrest and the time of the filing of the complaint. The motion was argued. In opposing the motion the district attorney presented the bail bond given by the defendants and the motion was overruled by the court, counsel for the defendants taking an exception to that ruling."

Then, on a motion to correct the record, copies of the motion and of the bail bond were exhibited. The bail was given on May 22, 1924, the day on which the arrest of the defendants was ordered. The complaint was filed on July 22, 1924. Between these dates sixty-two days intervened, or two days more than the period prescribed by law.

However, the question raised has not such importance as at first sight it may seem to have. As contended by the *fiscal*, the motion to dismiss was made in the district court, which was not the court in which the complaint was filed originally.

There is no showing that the defendants asserted their right to dismissal in the Municipal Court of Bayamón which had original jurisdiction of the cause, hence that right must be considered as waived.

In the second assignment of error the appellants contend that perhaps the complaint might charge larceny, but never the crime of conspiracy.

We have quoted this complaint and in our opinion it is sufficient.

The following is copied from Corpus Juris:

"In order that a combination may be punishable it must be formed to do either an unlawful act or a lawful act by criminal or unlawful means. If the object to be attained is innocent and the means used are also innocent, there is no conspiracy. It is not essential, however, to criminal liability that the acts contemplated should constitute a criminal offense for which, without the elements of conspiracy, one alone could be indicted. It is an offense independent of the crime or unlawful act which is its purpose; and it will be enough if the acts contemplated are corrupt, dishonest, fraudulent, or immoral, and in that sense illegal. A conspiracy will be indictable if the end proposed or the means to be employed are, by reason of the combination, particularly dangerous to the public interest, or particularly injurious to some individual, although not criminal." 12 C. J. 547.

And in the case of *People* v. *Juliá,* 25 P.R.R. 262, this court expressed itself as follows:

"These several acts were strong circumstantial evidence that the defendants were in combination to admit unqualified persons to examination and to issue diplomas to persons ignorant of the profession of pharmacy by furnishing them with answers because they were not familiar with the subjects prescribed by law and that to this end some of the conspirators performed certain acts and others other acts, which is sufficient to justify the conclusion that there was a conspiracy among them for the said purpose injurious to the public health and to the due administration of the laws, for it is not necessary to prove the conspiracy itself because generally it would be impossible to produce such proof by direct evidence in view of the secrecy with which such plans are adopted. The evidence generally consists of inferences or presumptions arising from the commission of certain acts and it is sufficient when one conspirator performs a part of the plan of the conspiracy and the other another part thereof in order to complete it, although they never got together to concert the methods or to put in practice the common purpose. *People* v. *Donnelly,* 143 Cal. 398; *United States* v. *Sacia,* 2 Fed. 754. In *People* v. *Bentley,* 75 Cal. 409, the following is quoted from 3 Greenleaf on Evidence, sec. 93:

" 'If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it, with a view to the attainment of the same object, the jury will be justified in

the conclusion that they were engaged in a conspiracy to effect that object.' ''

In assignments three and four it is alleged that the evidence was insufficient.

In the brief filed by the *fiscal* the evidence is summed up as follows:

''On or about the 14th and 15th of April, 1924, certain examinations for graded teachers were to be held at Comerío. From the evidence it appears that these examinations were prepared by the Department of Education through the General Superintendents and the Assistant Commissioner and after the examinations were duly prepared and copied they were sent by registered mail to the School Superintendent of Comerío with instructions to open them a few moments before the examinations were held; that the said set of questions were secret and no one could see them except those who took part in their preparation.

''That a month before the date to which the facts refer defendants Pedro F. Gotay and Eugenio Pérez Ríos went to Comerío and attempted to sell to a teacher in Comerío the said set of questions, which were the ones to be used in the examinations; that the said teacher refused to buy the questions, and that while he was talking with the defendants about this matter in a room of a hotel in Comerío the other defendant, Ernesto Jiménez, who also was a teacher at Comerío and was going to take the examinations, came in and defendants Gotay and Pérez Ríos offered to the said Jimenez the copies of the said questions for $80.00 and defendant Jiménez accepted, but on the condition that he would pay after the examinations were finished, and, further, he signed a promissory note for the amount of $80.00, which he delivered to the other teacher.

''That after Jiménez had received the copies of the questions he offered to sell one for the sum of $50.00 to Juana Jovita Rodríguez, a teacher who also had to take the examinations as a graded teacher, she agreeing to pay the $50.00 after the examinations if the set of questions should coincide with those put up in the examinations. It resulted that the said questions were identical to those delivered by the Department of Education to the officials for examination.

''In the record it appears to have been proved that the said Juana Jovita Rodríguez took the examinations in accordance with the questions furnished her by defendant Jiménez and the said Juana Jovita Rodríguez acknowledged having signed the questions and an-

swers, which were delivered to the School Supervisor when she had finished the examination.

"The questions prepared by the Department of Education for the examination of graded teachers in the said town of Comerío were also introduced in evidence and were exactly the same as those sold by the defendants Gotay and Pérez Ríos to Jiménez who sold them later to Juana Jovita Rodríguez."

In our opinion that evidence is sufficient.

Section 62 of the Penal Code reads as follows:

"If two or more persons conspire:

"1.—To commit any crime;

"2.—Falsely and maliciously to present another for any crime, or to procure another to be charged or arrested for any crime;

"3.—Falsely to move or maintain any suit, action, or proceeding;

"4.—To cheat and defraud any person of any property by any means which are in themselves criminal, or to obtain money or property by false pretenses; or,

"5.—To commit any act injurious to the public health, the public morals, or for the perversion or obstruction of justice or due administration of the laws; they are punishable by imprisonment in jail not exceeding one year or by fine not exceeding one thousand dollars, or both."

Number 5 is the subdivision applicable to this case. Therefore, it is not necessary to consider whether or not there was evidence to show that the defendants stole or conspired to steal the documents. The basis of the prosecution is that in some way that necessarily had to be unlawful the defendants came into possession of the set of questions. Being in possession of them, they conspired to carry out the act with which they are charged in the complaint and which was proved at the trial to be an act injurious to public morals and disposed to pervert and obstruct the due administration of the laws. The criminal act charged and proved is that kind of conspiracy. By virtue of it the defendants violated the rules and methods of the Department of Education which in order to comply with the duty of selecting competent

school teachers examines them with a set of questions secretly prepared so that the answers may not be prepared by them beforehand, and committed an act evidently injurious to the public morals by corrupting the conduct of future officers to whom the education of the children of the community was to be intrusted in order to obtain a pecuniary benefit with fraudulent intention. The consequences of the plan of the defendants, considered from any aspect, are clearly contrary to the welfare of the public in general. By means of their Legislature the people have foreseen the existence of such corrupt acts and have provided the necessary punishment so that they may not be committed with impunity.

The brief of defendant Jiménez assigns three errors. He does not discuss the matter of dismissal. He limits his argument to contending that the complaint is insufficient; that the evidence was insufficient also, and that therefore the defendant should not have been convicted.

It is true that Jiménez took no part in the first acts, but it is also true that the complaint charges and the evidence showed that he participated with full knowledge not only in buying and using the set of questions himself, but also sold them to other candidates, thus becoming a partner in the criminal conspiracy already begun and making its realization possible. Therefore he, the same as Gotay and Pérez, was properly prosecuted and convicted.

It may be well to quote here the following jurisprudence taken from Corpus Juris:

"While to authorize a conviction of several persons charged in one indictment with conspiracy each must be proved to have come into the conspiracy prior to the consummation of the act to be done in pursuance thereof, it is not essential to a conviction of a person or persons charged with a conspiracy, that he or they should have originated the conspiracy. All who accede to a conspiracy after its formation and while it is in execution, and all who with a knowledge of the facts concur in the plans originally formed and aid in executing them are fellow conspirators. They commit an offense when they become parties to the transaction or further the original plan.

A person coming into a conspiracy after its formation is deemed in law a party to all acts done by any of the other parties, either before or after, in furtherance of the common design. Whenever conspirators act, by lawful intendment they renew or continue their agreement, and it is renewed or continued as to all whenever either of them acts in furtherance of the common design." 12 C. J. 579.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Wolf dissented.

Mr. Justice Texidor took no part in the decision of this case.

#### DISSENTING OPINION OF MR. JUSTICE WOLF.

The information in this case, it seems to me, charges only the following single supposed act of conspiracy, namely, that Pedro F. Gotay and Eugenio Pérez Ríos conspired to sell and Ernesto Jiménez to buy, etc., certain series of questions (*cuestionarios*). All the rest of the information is makeweight to show the evil result of the alleged combination, the previous acts and the guilty knowledge and purpose of the parties at the time of such sale by two of the defendants and a purchase by the third. The only actual act of conspiracy charged is such purchase and such sale. In every purchase there must be somebody selling and somebody buying. There is necessarily a meeting of the minds to make a sale or purchase, but that meeting of minds does not relate back to the previous vicious acts of the sellers or the prospective intentions of the purchaser. This meeting of minds to make the sale is the only act of conspiracy actually charged and I maintain that such a meeting of minds, being generally a licit act and essential to a contract, does not undergo a transformation into a conspiracy by reason of anterior or ulterior acts or purposes. The act described as a conspiracy is a sale even though the object sold was illegally acquired. Now, while I believe an information might have been framed to cover all the acts of the defendants, my contention is that the pleader did not do so, but limited himself to describing

or characterizing as a conspiracy what is a mere act of purchase or sale. Suppose the case of buying property knowing it to be stolen. This generally constitutes a crime in itself. This sole act does not make a conspiracy although in an indictment the averment should be added that the buyer and seller conspired to cheat the true owner out of his property. Other examples may readily be imagined or are indicated in the brief of the appellants.

When one person is selling and another buying and that is all they are charged with having conspired to do, no conspiracy is described.